UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY TYRONE MORRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-176-JED-FHM |
| | ) |
| ASHOK KACHE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

The Court has for its consideration Morton Comprehensive Health Services, Inc.'s Motion to Dismiss (Doc. 34), Reasor's LLC's Motion to Dismiss and Brief in Support (Doc. 13), Ashok Kache's Motion to Dismiss and Brief in Support (Doc. 5), Healthspring Life & Health Insurance Company, Inc.'s Motion for More Definite Statement and Brief in Support (Doc. 9), plaintiff's "More Rule Violations and Entry for Default Judgment", which the Court construes as a motion for default judgment (Doc. 23), plaintiff's Motion to Reconsider Party Name Correction (Doc. 16), and plaintiff's "Pleading for Expedition of Decision" (Doc. 41).

## Background

Gary Tyrone Morrison filed this lawsuit as a pro se litigant. While it is not entirely clear from his complaint what this lawsuit is about, it appears that Morrison alleges that a prescription for medicine caused him some health complications. Morrison's complaint states that his lawsuit is "[a] simple case of a cover-up, behind the fact that two seperate [sic] medications were given to me, one that was prescribed the other medicine given to me without prescription from a doctor." (Doc. 1, at 1). As for his "cause of action", Morrison states "[t]hat the medicine that I was given by way of prescription caused complications to my health and thus medication was

administered to me as a cover-up." (*Id.*, at 1-2). And as to the supporting facts, Morrison states only that he "will provide in court." (*Id.* at 2).

Defendants Ashok Kache, M.D., and Reasor's, LLC ("Reasor's") seek dismissal of Morrison's complaint for lack of subject matter jurisdiction. They argue that, from the face of the complaint, it is clear that there is not complete diversity of the parties. The complaint states that Morrison is an Oklahoma resident and that Dr. Kache and Reasor's likewise reside in Oklahoma. The United States, acting on behalf of Morton Comprehensive Health Services, Inc. ("Morton"), also seeks dismissal for lack of jurisdiction, but instead bases its request on Morrison's failure to exhaust administrative remedies. Morton is a federally supported health care center which is considered to be part of the United States Public Health Service pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n). A suit against Morton is therefore treated as one against the United States.

## **Standards**

While pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), a pro se plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). A plaintiff's pro se status likewise does not excuse his obligation to comply with the requirements of substantive law. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

The subject matter jurisdiction of the federal courts is limited. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986); *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511-12 (10th Cir. 1994). The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513

(2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. *Id.* Lack of subject matter jurisdiction cannot be waived, and it may be raised as a basis for dismissal at any time, either by a party or by the Court *sua sponte*. *See Bender*, 475 U.S. at 541; 28 U.S.C. § 1447(c). "Because the jurisdiction of federal courts is limited, there is a presumption against [federal jurisdiction], and the party invoking federal jurisdiction bears the burden of proof." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (citations omitted). "When a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting Holt, 46 F.3d at 1003). "In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Id*.

## Discussion

As noted, the United States, on behalf of Morton, seeks dismissal on the basis that Morrison did not exhaust administrative remedies as required under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Morton attaches a declaration in support of its assertion that Morrison has not met the exhaustion requirement.

The United States, as a sovereign entity, is immune from suit unless it has consented to be sued, "'and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Through the FTCA, the United States has provided a limited waiver of the federal government's sovereign immunity from private suit. *See* 28 U.S.C. § 1346(b); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir.

2005). The prerequisite for liability under the FTCA is a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

"Because the FTCA constitutes a waiver of the government's sovereign immunity [the FTCA requires notice to the government, and] the notice requirements established by the FTCA must be strictly construed." *Trentadue*, 397 F.3d at 852 (10th Cir. 2005); *see also* 28 U.S.C. § 2675. "The [notice] requirements are jurisdictional and cannot be waived." *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991). Section 2675 "requires that claims for damages against the government be presented to the appropriate federal agency by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Trentadue*, 397 F.3d at 852 (quoting *Bradley,* 951 F.2d at 270).

Because Morrison has made no attempt to file an administrative tort claim with respect to his claim(s) against Morton, he has failed to exhaust his administrative remedies under the FTCA. Accordingly, his lawsuit against Morton, which, as noted, actually constitutes a suit against the United States, is therefore dismissed without prejudice.

As to Morrison's remaining claims, it is clear from the face of his complaint that the Court lacks subject matter jurisdiction with respect to the remaining defendants. The Court cannot identify the existence of any federal question raised by Morrison's complaint. In addition, the parties lack the complete diversity necessary to invoke this Court's jurisdiction pursuant to § 1332. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 584 (2005)

("all parties on plaintiffs' side must be diverse from all parties on defendants' side"). Accordingly, Morrison's remaining claims are also subject to dismissal without prejudice.

**IT IS THEREFORE ORDERED** that Morton Comprehensive Health Services, Inc.'s Motion to Dismiss (Doc. 34), Reasor's LLC's Motion to Dismiss and Brief in Support (Doc. 13), and Ashok Kache's Motion to Dismiss and Brief in Support (Doc. 5) are **granted**. Healthspring Life & Health Insurance Company, Inc.'s Motion for More Definite Statement and Brief in Support (Doc. 9), plaintiff's motion for default judgment (Doc. 23), plaintiff's Motion to Reconsider Party Name Correction (Doc. 16), and plaintiff's "Pleading for Expedition of Decision" (Doc. 41) are hereby **denied as moot**.

Plaintiff's complaint is **dismissed without prejudice**. A separate judgment of dismissal will be entered herewith. This case is terminated.

**SO ORDERED** this 10th day of March, 2014.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE